# DODGE *a.* PORTER.

*New York Superior Court ; General Term, October,* 1861.

## ATTACHMENT.—SHERIFF.

A sheriff having-levied on property under an execution, subsequently attached the same property in an action against both the plaintiff and defendant, in the action in which the execution issued, as joint-debtors, and afterwards sold the property under the execution. It appearing that he was about to pay the proceeds to the execution-creditor, the attachment-creditors obtained an order requiring the sheriff to deposit the money with a trust company, subject to the order of the court.

*Held,* on appeal, that the order was irregular. In the absence of proof that the sheriff and his sureties were irresponsible, he could not be required to part with the property attached.

Appeal from an order at special term.

This was an action on a promissory note, alleged to have been made by the defendants, Porter and Gordon, under the firm-name of Geo. B. Gordon. An attachment was issued on July 7, 1860, and levied upon certain goods belonging to Gordon. But on June 23, 1860, an execution had been issued upon a judgment of the Supreme Court in favor of Porter against Gordon, and levied upon the same goods. After this double levy, the·goods were sold by the sheriff. The plaintiffs recovered judgment against both Porter and Gordon ; and on an affidavit that Porter, or assignees of his claim, were endeavoring to obtain possession of the proceeds of the goods sold, an order was made at special term, requiring the sheriff to pay the same to the New York Trust Company, subject to the order of the court. From this order Porter appealed.

*A. R. Dyett,* for the appellant.—I. The judgment and execution in Porter *a.* Gordon were proceedings in the Supreme Court, and this court cannot, by a summary order, prevent the sheriff from executing the process of that court.

II. This *is* a common-law action, and the order was not an injunction under the Code. ⁊

III. The lien of the attachment was devested by the sale. The judgment in Porter *a*. Gordon was valid as between those parties.

IV. Neither the plaintiffs nor the court had any right to dispose of the particular fund produced by the sale.

V. The court had no authority to require the sheriff to part with the fund. If the money was applicable to the execution, the sheriff was bound to pay it to Porter; if it was applicable to the attachment, it was his right and duty to retain it to satisfy the execution in the attachment-suit. (*Code*, § 232.) It is not alleged that the sheriff is not responsible.

*Abram Wakeman*, for the respondents.

By the Court.*—Moncrief, J.—If the plaintiffs recover judgments in their several actions, they will be entitled to be paid out of the property attached, whether it be the property of a firm composed of Porter and Gordon, prosecuting business under the firm-name of G. B. Gordon, or the individual property of either of said copartners. No reason is assigned why such property or its proceeds should be taken from the hands or custody of the sheriff. Section 232 of the Code requires the sheriff among other things, "to keep the property seized by him, or the proceeds of such as shall have been sold, to answer any judgment which may be obtained in the action in which the attachment issued." And section 237 of the Code directs, "In case judgment be entered for the plaintiff, the sheriff shall satisfy the same out of the property attached by him."

If the plaintiffs recover judgment in their attachment-suits, it will be their right to have them satisfied out of the proceeds of the attached property. If the sheriff pays the money to Porter, or to any one to whom he assigned after the attachments were levied, he will pay it contrary to his duty, and will be liable to the plaintiffs in the attachment-suits. There is no allegation that the sheriff or his sureties are irresponsible. We are not aware of any ground on which the order appealed from can be justified.

* Present, Bosworth, Ch. J., Hoffman, Woodruff, Moncrief, and White, JJ.

The order was, therefore, erroneous in directing the transfer of the property attached from the possession of the sheriff, and should be reversed without costs.

Order reversed.